

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T  +1 202 637 5600
F  +1 202 637 5910
www.hoganlovells.com

January 27, 2020

**By Electronic Case Filing**

Honorable Katherine Polk Failla, U.S.D.J.
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

**Re:**    *Cosgrove v. Oregon Chai, Inc.,* Case No. 1:19-cv-10686

Dear Judge Failla:

We write on behalf of Defendant Oregon Chai, Inc. ("Oregon Chai") to request a pre-motion conference to file a motion to dismiss, as required by the Individual Rules of Practice in Civil Cases. This case is one of more than 30 cases filed by Plaintiff's counsel in the last six months relating to vanilla products.  *See* Mot. to Dismiss Letter, 1, *Garadari v. Mars Wrigley Confectionery US, LLC*, No. 1:19-cv-03209 (E.D.N.Y. Dec. 20, 2019) (collecting many of the cases).  Almost all of the allegations in the Complaint could have been written into any of those other Complaints, and indeed, many of them are recycled liberally.  The lack of care in pleading is noticeable.  For example, Paragraph 45 of the Complaint alleges that Plaintiff is a resident of Connecticut while Paragraph 50 alleges he is a resident of Bronx County.  Similarly, Paragraph 45 alleges that Cosgrove seeks to represent a class of Connecticut consumers but Paragraph 54 seeks certification of a nationwide class.  Oregon Chai respectfully suggests that the Complaint should be dismissed for these reasons alone as it does not provide sufficiently clear and reliable details to be able to respond in defense. Under the circumstances, Oregon Chai cannot even evaluate Plaintiffs' venue allegation.

Even if the current version of the Complaint is allowed to proceed, Plaintiff has failed to adequately state any claims and the Complaint should be dismissed for this reason as well.  Cosgrove alleges that the labeling on Oregon Chai's powdered chai tea mix is misleading, because "although labeled as 'vanilla,' they have less real vanilla flavor then the label suggests."  Compl. ¶ 6.  Based on this amorphous claim, Plaintiff seeks to bring claims (1) for violations of New York General Business Law ("GBL"), California Consumer Protection Laws ("CLRA") and consumer protection statutes of other states and territories; (2) for negligent misrepresentation; (3) for breach of express warranty, implied warranty of merchantability, and the Magnuson Moss Warranty Act ("MMWA"); (4) for fraud; and (5) for unjust enrichment.  All of Plaintiff's claims should be dismissed for the foregoing reasons.

### I.    The Labeling Is Not Plausibly Deceptive to Reasonable Consumers.

Plaintiff's central allegation appears to be that by describing the products as "vanilla," Oregon Chai is making a claim that these products are "flavored exclusively with vanilla,"[1] Compl. ¶ 37.  And according to Plaintiff, Oregon Chai's product is misleading because they contain "less real vanilla flavor then the label suggests," *id.* ¶ 6, as well as "flavoring other than vanilla," *id.* ¶ 24.  This claim

---

[1] Plaintiff is unclear regarding how he claims Oregon Chai's products should have been labelled.  To the extent Plaintiff seeks to add requirements different than those required under federal law, those claims are expressly preempted.

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in:  Alicante  Amsterdam  Baltimore  Beijing  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  Johannesburg  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Moscow  Munich  New York  Northern Virginia  Paris  Perth  Philadelphia  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Sydney  Tokyo  Warsaw  Washington, D.C.   Associated Offices:  Budapest  Jakarta  Riyadh  Shanghai FTZ  Ulaanbaatar  Zagreb.   Business Service Centers:  Johannesburg  Louisville.  Legal Services Center:  Berlin.  For more information see www.hoganlovells.com

must fail as a matter of law because this language would not deceive a reasonable consumer acting reasonably under the circumstances. *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015).

To prove conduct is materially misleading as required under General Business Law §§ 349 and 350, a plaintiff must demonstrate that "a reasonable consumer acting reasonably under the circumstances" would be misled. *Id.* In evaluating whether a consumer would be mislead, "context is crucial" and the presence of disclaiming language may defeat deception claims. *Reyes v. Crystal Farms Refrigerated Distribution Co.*, No. 18-CV-2250L, 2019 WL 3409883, at *3 (E.D.N.Y. July 26, 2019) (granting motion to dismiss GBL claims because other parts of label clarified confusion).

No reasonable consumer would interpret the designation of "vanilla" on the packaging as a claim regarding the ingredients of the product. Indeed, directly below the "vanilla" flavor, the packaging further identifies other flavors in the product: "Vanilla and honey combine with premium black tea and chai spices." Compl. ¶ 3. Moreover, the vanilla label distinguishes this product from Oregon Chai's chai tea lattes flavored without vanilla—and does not serve as a claim of what ingredients would be within the product. Finally, the label could not be misleading because a consumer concerned about whether the product contained vanilla could turn the box over and examine the ingredient list, which lists "natural flavors." *Id.* ¶ 24. *See also Reyes*, 2019 WL 3409883, at *3 (finding label was not misleading when ingredient list confirmed product contained margarine).

Finally, Plaintiff's CLRA claim must be dismissed because Plaintiff failed to provide the required notice. *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1304 (S.D. Cal. 2003). It also should be dismissed because Plaintiff fails to allege he relied on the purported misrepresentation when purchasing Oregon Chai's product. *See Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1114 (N.D. Cal. 2016).

## II. Plaintiff Fails to State a Claim for Breach of Warranty.

As a threshold matter, Plaintiff's claims for breach of express and implied warranty must be dismissed because Plaintiff fails to allege he provided Oregon Chai with timely notice of the alleged breach of warranty. *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 544 (S.D.N.Y. 2013); *Tomasino v. Estee Lauder Companies Inc.*, 44 F. Supp. 3d 251, 261 (E.D.N.Y. 2014).

Plaintiff's warranty claims also must fail because he has not alleged the requisite privity with Oregon Chai. Because Plaintiff only pleads economic injury, privity is required to assert a breach of warranty claim. *See Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 290 (S.D.N.Y. 2014) (dismissing breach of warranty claim when plaintiff fails to plead privity).

Finally, the MMWA claim also must fail, because merely including the word "vanilla' on the label neither warranties a product free from defect, nor does it constitute a promise the product will meet a specified level of performance. *See In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-MD-2413 RRM RLM, 2013 WL 4647512, at *17 (E.D.N.Y. Aug. 29, 2013) (dismissing MMWA claims based only on the label "All Natural").

## III. Plaintiff Fails to Plead Fraud and Negligent Misrepresentation Claims With Particularity.

Plaintiff's fraud and negligent misrepresentation claims do not comply with the heightened pleading requirement of Rule 9(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 9(b); *Simon v. Castello*, 172 F.R.D. 103, 105 (S.D.N.Y. 1997) (noting Rule 9(b) also applies to claims for negligent

misrepresentation).  The Complaint fails to allege with specificity when and where Plaintiff purchased Oregon Chai's products, see *Simon*, 172 F.R.D. at 105, nor does it "allege facts that give rise to a strong inference of fraudulent intent."  *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994); *see also id.* (explaining "'strong inference' of fraud may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness").

Moreover, Plaintiff's negligent misrepresentation claim should be dismissed because Plaintiff fails to plead a "special relationship" of trust between the Parties.  *See Izquierdo v. Mondelez Int'l, Inc.*, No. 16-CV-04697 (CM), 2016 WL 6459832, at *9 (S.D.N.Y. Oct. 26, 2016) (holding a "basic commercial transaction does not give rise to a special relationship").

### IV. Plaintiff's Unjust Enrichment Claims Are Duplicative.

Plaintiff's unjust enrichment claim should be dismissed because it is duplicative of Plaintiff's other claims based on the purported "misrepresentation" regarding vanilla in the products.  *See Holve v. McCormick & Co., Inc.*, 334 F. Supp. 3d 535, 559 (W.D.N.Y. 2018) (explaining "an unjust enrichment claim cannot survive where it simply duplicates, or replaces, a conventional contract or tort claim")

### V. Plaintiff Lacks Standing to Seek Injunctive Relief.

Plaintiff alleges only that he would "consider purchasing" Oregon Chai's product again if there were assurances that the products' representations were no longer misleading.  Compl. ¶ 53.  This alone is not a "real or immediate" threat of injury sufficient to create standing to seek injunctive relief.  *See Parks v. Ainsworth Pet Nutrition, LLC*, 377 F. Supp. 3d 241, 249 (S.D.N.Y. 2019) (finding plaintiff did not have standing to seek injunctive relief when he pled only that he would consider purchasing products if they were reformulated).

### VI. This Court Does Not Have Personal Jurisdiction Over Out of State Plaintiffs.

Many putative class members—and possibly Plaintiff—do not reside in New York and did not purchase products there.  Oregon Chai is an Oregon corporation, with its principal place of business in Beloit, WI.  The Supreme Court's recent decision in *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017), precludes any specific personal jurisdiction over Oregon Chai for claims on behalf of non-New York class members.  As pled, there is no clear connection between Mr. Cosgrove's claims and Oregon Chai's contacts with New York.  *Spratley v. FCA US LLC*, No. 317CV0062MADDEP, 2017 WL 4023348, at *7 (N.D.N.Y. Sept. 12, 2017) (dismissing out of state plaintiffs because there is no connection between those claims and New York).  Moreover, this Court should decline to exercise personal jurisdiction over out-of-state unnamed class members given there is no connection between those claims and the forum.  *DeBernardis v. NBTY, Inc.*, No. 17 C 6125, 2018 WL 461228, at *2 (N.D. Ill. Jan. 18, 2018).

We are available to discuss further during a pre-motion conference.

Respectfully submitted,

Robert B. Wolinsky
Partner