Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T  +1 202 637 5600
F  +1 202 637 5910
www.hoganlovells.com

March 3, 2020

**By Electronic Case Filing**

Honorable Katherine Polk Failla, U.S.D.J.
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re:     *Cosgrove v. Oregon Chai, Inc.,* Case No. 1:19-cv-10686

Dear Judge Failla:

We write on behalf of Defendant Oregon Chai, Inc. ("Oregon Chai") to request a pre-motion conference to file a motion to dismiss Plaintiff's Amended Complaint, Dkt. 19, as required by the Individual Rules of Practice in Civil Cases.  Despite Plaintiff's amendment, Plaintiff still fails to plead sufficient allegations stating his claims.  Plaintiff's original complaint pled that he was from both Connecticut and New York.  That has been corrected, but his new complaint fails to even adequately identify the product he is challenging.  The Amended Complaint refers to "powdered chai tea mix packets," Am. Compl. ¶ 1, and alleges that they are "sold in cans of 8.4 OZ."  *Id.* ¶ 2.  Yet, the very next paragraph displays a purported image of the "Products" but shows an image of a box (not a can) that is labeled as 8.0 OZ.  *Id.* ¶ 3.  Making matters worse, the purported "testing" Plaintiff attached to his Amended Complaint, Dkt. 20, shows the test sample was yet another product than that pictured in the Amended Complaint, *id.* at 8-9.  Plaintiff's failure to identify what product he allegedly was misled into purchasing is reason alone to dismiss the Amended Complaint.

Even if that was not enough, Plaintiff also still fails to adequately state any claims.  Plaintiff alleges that the labeling on Oregon Chai's powdered chai tea mix is misleading, for two reasons:  first, Plaintiff argues that, while the product is labeled as "'Vanilla,' they have less (or no) real vanilla then the label suggests," and second, that the label "made with natural ingredients" gives consumers an impression that all of the ingredients in the product are natural.  Am. Compl. ¶ 6; *see also id.* ¶¶ 54, 105.  Based on these claims, Plaintiff seeks to bring claims (1) for violations of New York General Business Law ("GBL"); (2) for negligent misrepresentation; (3) for breach of express warranty, implied warranty of merchantability, and the Magnuson Moss Warranty Act ("MMWA"); (4) for fraud; and (5) for unjust enrichment.  All of Plaintiff's claims should be dismissed for the following reasons.

###     I.     The Labeling Is Not Plausibly Deceptive to Reasonable Consumers.

Plaintiff's allegations are insufficient as a matter of law because the allegedly misleading statements would not deceive a reasonable consumer acting reasonably under the circumstances.  *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015).  To prove conduct is materially misleading as required under GBL §§ 349 and 350, a plaintiff must demonstrate that "a reasonable consumer acting reasonably under the circumstances" would be misled.  *Id.*  In evaluating whether a consumer would be mislead, "context is crucial" and the presence of disclaiming language may defeat deception claims.  *Reyes v. Crystal Farms Refrigerated Distribution Co.*, No. 18-CV-2250L, 2019 WL 3409883, at *3 (E.D.N.Y. July 26, 2019) (granting motion to dismiss GBL claims because other parts of label clarified confusion).

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in:  Alicante  Amsterdam  Baltimore  Beijing  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  Johannesburg  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Moscow  Munich  New York  Northern Virginia  Paris  Perth  Philadelphia  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Sydney  Tokyo  Warsaw  Washington, D.C.  Associated Offices:  Budapest  Jakarta  Riyadh  Shanghai FTZ  Ulaanbaatar  Zagreb.  Business Service Centers:  Johannesburg  Louisville.  Legal Services Center:  Berlin.  For more information see www.hoganlovells.com

No reasonable consumer would interpret the designation of "vanilla" on the packaging as a claim regarding the ingredients of the product. Indeed, directly below the "vanilla" flavor label, the packaging further identifies other flavors in the product: "Vanilla and honey combine with premium black tea and chai spices." Am. Compl. ¶ 3. Moreover, the vanilla label distinguishes this product from Oregon Chai's chai tea lattes flavored without vanilla—and does not serve as a claim of what ingredients are in the product. Finally, the label is not misleading because a consumer interested in the vanilla could turn the box over and examine the ingredient list, which lists "natural flavors." *Id.* ¶ 63. *See also Reyes*, 2019 WL 3409883, at *3 (finding label was not misleading when ingredient list confirmed product contained margarine).

Nor is the use of "made with natural ingredients" misleading. No reasonable consumer would take this labeling to mean every ingredient within the product is "natural." *See Sarr v. BEF Foods, Inc.*, No. 18CV6409ARRRLM, 2020 WL 729883, at *4 (E.D.N.Y. Feb. 13, 2020) (finding it is not plausible at Rule 12(b)(6) stage that consumer would interpret phrase made with "real butter" to mean that the mashed potatoes did not also contain additional fats); *Campbell v. Freshbev LLC*, 322 F. Supp. 3d 330, 341 (E.D.N.Y. 2018) (finding reasonable consumer would not interpret "cold-pressed" label to imply that no other processing occurred except cold-pressing).

## II.     Plaintiff Fails to State a Claim for Breach of Warranty.

As a threshold matter, Plaintiff's claims for breach of express and implied warranty must be dismissed because Plaintiff fails to specifically allege he provided Oregon Chai with timely notice of the alleged breach of warranty." *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 544 (S.D.N.Y. 2013) (dismissing breach of warranty claims when plaintiff failed to provide timely notice); *Tomasino v. Estee Lauder Companies Inc.*, 44 F. Supp. 3d 251, 261 (E.D.N.Y. 2014) (finding insufficient notice for breach of warranty claims when plaintiff did not plead notice and instead attached notice letter as exhibit to motion to dismiss). Instead, Plaintiff equivocates, alleging that that he "provided or will provide" the requisite notice. Am. Compl. ¶ 158.

Plaintiff's warranty claims also must fail because he has not alleged the requisite privity of contract with Oregon Chai. Because Plaintiff only pleads economic injury, privity of contract or a relationship approaching privity is required to assert a breach of warranty claim. *See Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 290 (S.D.N.Y. 2014) (dismissing breach of warranty claim when plaintiff fails to plead privity).

Finally, the MMWA claim also must fail, because merely including the word "vanilla" on the label neither warranties a product free from defect, nor does it constitute a promise the product will meet a specified level of performance, which are required to state a MMWA claim. *See In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-MD-2413 RRM RLM, 2013 WL 4647512, at *17 (E.D.N.Y. Aug. 29, 2013) (dismissing MMWA claims based only on the label "All Natural").

## III.    Plaintiff Fails to Plead Fraud and Negligent Misrepresentation Claims With Particularity.

Plaintiff's fraud and negligent misrepresentation claims do not comply with the heightened pleading requirement of Rule 9(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 9(b); *Simon v. Castello*, 172 F.R.D. 103, 105 (S.D.N.Y. 1997) (noting Rule 9(b) also applies to claims for negligent misrepresentation). The Amended Complaint fails to allege with specificity when and where Plaintiff purchased Oregon Chai's products, s*ee Simon*, 172 F.R.D. at 105, nor does it "allege facts that give

rise to a strong inference of fraudulent intent." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994); *see also id.* (explaining "'strong inference' of fraud may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness").

Moreover, Plaintiff's negligent misrepresentation claim should be dismissed because Plaintiff fails to plead the required "special relationship" of trust between the Parties. *See Izquierdo v. Mondelez Int'l, Inc.*, No. 16-CV-04697 (CM), 2016 WL 6459832, at *9 (S.D.N.Y. Oct. 26, 2016) (holding a "basic commercial transaction does not give rise to a special relationship").

### IV. Plaintiff's Unjust Enrichment Claims Are Duplicative.

Plaintiff's unjust enrichment claim should be dismissed because it is duplicative of Plaintiff's other claims based on the purported "misrepresentations" by Oregon Chai. *See Holve v. McCormick & Co., Inc.*, 334 F. Supp. 3d 535, 559 (W.D.N.Y. 2018) (explaining "an unjust enrichment claim cannot survive where it simply duplicates, or replaces, a conventional contract or tort claim")

### V. Plaintiff Lacks Standing to Seek Injunctive Relief.

Plaintiff makes no allegation that he intends to purchase Oregon Chai's Products again in the future, and instead only alleges injuries caused by his previous purchase. Am. Compl. ¶¶ 117, 118. Thus, "the request is based on past injury and injunctive relief is improper." *DaCorta v. AM Retail Grp., Inc.*, No. 16-CV-01748 (NSR), 2018 WL 557909, at *4 (S.D.N.Y. Jan. 23, 2018) (dismissing request for injunctive relief); *see also Parks v. Ainsworth Pet Nutrition, LLC*, 377 F. Supp. 3d 241, 249 (S.D.N.Y. 2019) (same).

### VI. This Court Does Not Have Personal Jurisdiction Over Out of State Plaintiffs.

Plaintiff purports to bring this action on behalf of a nationwide class, Am. Compl. ¶ 132, most of whom do not reside in New York and did not purchase products there. Oregon Chai is an Oregon corporation, with its principal place of business in Beloit, WI. The Supreme Court's recent decision in *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017), precludes any specific personal jurisdiction over Oregon Chai for claims on behalf of non-New York putative class members. While this Court previously has declined to dismiss claims of non-New York potential class members based on a motion to dismiss, *Lugones v. Pete and Gerry's Organic, LLC,* No. 19 CIV. 2097 (KPF), 2020 WL 871521, at *4 (S.D.N.Y. Feb. 21, 2020) (Failla, J.), Oregon Chai respectfully submits that this Court should dismiss all claims against non-New York potential class members for lack of personal jurisdiction. *See DeBernardis v. NBTY, Inc.*, No. 17 C 6125, 2018 WL 461228, at *2 (N.D. Ill. Jan. 18, 2018).

We are available to discuss further during a pre-motion conference.

Respectfully submitted,

Robert B. Wolinsky
Partner